UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                        Chapter 11

EUROPADISK, LLC f/k/a/ EUROPADISK       Case  Nos. 1-02-17446-dem
ACQUISITION, LLC and EUROPADISK, LTD.,        and  1-02-16022-dem
                                              (Jointly Administered)


                        Debtors.
-------------------------------------------------------------x

EUROPADISK, LLC f/k/a/ EUROPADISK
ACQUISITION, LLC and EUROPADISK, LTD.,        Adv. No. 1-04-01300-dem
BY AND THROUGH THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF
EUROPADISK, LLC f/k/a/ EUROPADISK
ACQUISITION, LLC and EUROPADISK, LTD.,

                        Plaintiffs,
                                              PRE-TRIAL
           -against-                          SCHEDULING
                                              ORDER

CONSOLIDATED EDISON, INC.,

                        Defendant.
-------------------------------------------------------------x


Appearances:

Andrew I. Silfen, Esq.
Schuyler G. Carroll, Esq.
Arent Fox PLLC
Attorneys for Plaintiffs
1675 Broadway
New York, New York 10019

Rosalie G. Zuckerman, Esq.
Attorney for Defendant
4 Irving Place
New York, NY 10003

A pre-trial conference was held in this matter on September 27, 2004. The Court hereby makes the following provisions for discovery and trial of this matter.

1. Amendments to Pleadings, Additional Parties

    All applications to amend pleadings or amendments as of right shall be made, and any additional parties joined, by November 1, 2004.

2. Discovery

    a. All non-expert witness discovery in this matter shall be completed by January 24, 2005.

    b. Each party shall make the expert witness disclosures described in Rule 26(a)(2) of the Federal Rules of Civil Procedure no later than November 27, 2004. Such disclosures shall be made in writing, signed and served, but shall <u>not</u> be filed with the Court.

    c. Depositions, if any, of expert witnesses shall be completed by January 24, 2005.

3. Dispositive Pre-Trial Motions

    Dispositive motions, if any, seeking resolution, in whole or in part, of the issues to be raised at trial must be served and filed so as to be returnable on February 28, 2005. The movant shall contact chambers to schedule a time on the return date for a hearing on the motion. If the movant believes that the motion, if granted, would obviate entirely the necessity of a trial in this matter, the movant shall so state in a separate document captioned APPLICATION FOR STAY OF PRE-TRIAL SCHEDULING ORDER served and filed with the moving papers and may in such Application request that the Court defer the remaining requirements of this Order pending its decision on the motion. Unless the Court grants such Application, the filing of a dispositive motion <u>does</u> <u>not</u> affect the parties' obligations under this Order.

4. Other Pre-Trial Motions

    All other pre-trial motions, including but not limited to motions <u>in</u> <u>limine</u> relating to evidentiary

issues, must be filed and served so as to be returnable on March 21, 2005, unless otherwise allowed by the Court for good cause shown.

5.          <u>Preliminary Conference</u>

Counsel for the parties shall confer preliminarily before March 28, 2005. At or prior to this preliminary conference, counsel shall provide copies of each proposed exhibit for inspection by opposing counsel and for waiver or noting of objection. At the preliminary conference, counsel shall discuss (a) the possibility of settlement and (b) the matters required to be addressed in their Joint Pre-Trial Statement, as set forth in the following paragraph.

6.          <u>Joint Pre-Trial Statement</u>

Counsel for all parties shall confer and shall prepare, execute and file with the Court no later than March 28, 2005 a single document captioned JOINT PRE-TRIAL STATEMENT, which shall include:

    a.     A concise statement of the legal issues to be decided.
    b.     A concise statement of the material facts not in dispute.
    c.     A witness list containing the names, addresses and a brief summary of the testimony of each witness each party will call. A person not identified on this list may not be called during a party's case in chief.
    d.     A final exhibit list containing a description of all exhibits to be offered at trial. Exhibits not identified on this list may not be offered during a party's case in chief. Each exhibit shall be marked and the list shall identify the exhibits by their numbers or letters.
        i.     Plaintiff's exhibits shall be identified with numbers as follows: Plaintiffs' Exhibit 1; Plaintiff's Exhibit 2; etc.
        ii.     Defendant's exhibits shall be identified with letters as follows: Defendant's Exhibit A; Defendant's Exhibit B; etc.
    If there is more than one plaintiff or defendant, the parties shall confer so as to avoid duplication of exhibit identification.
    e.     A list of the depositions, if any, to be offered at trial.
    f.     Stipulations, if any, as to the admissibility of exhibits and depositions.
    g.     Objections, if any, to the exhibits to be offered at trial.
    h.     Objections, if any, to the depositions to be offered at trial.

  i.  The position of each party as to whether this is a Core or Non-Core proceeding and, if the position of a party is that this is a Non-Core proceeding, whether such party (I) consents to having the Bankruptcy Court hear and determine the proceeding or (ii) does not so consent and wishes to have <u>de novo</u> review in the District Court, if available.
  j.  Each party's estimate of the time required for presentation of its case.

The following documents must be annexed to, or filed concurrently with, the Joint Pre-Trial Statement:

  a.  One copy of each exhibit to be offered at trial. Such exhibits must be pre-marked. In the event that a party intends to offer more than 15 exhibits at the trial, the exhibits should be tabbed or included in a binder for easy reference. Counsel shall bring on the day of trial additional pre-marked copies for use by witnesses, the court reporter and opposing parties.
  b.  A marked copy of the pleadings (as defined in E.D.N.Y. LBR 7016-1).[1]

7.  <u>Proposed Findings of Fact and Conclusions of Law</u>

Each party shall serve on each other party and file with the Court its Proposed Findings of Fact and Conclusions of Law, which shall be broken down into separately enumerated paragraphs, no later than five (5) <u>business</u> days before the Final Pre-Trial Conference date set forth in the following paragraph.

8.  <u>Final Pre-Trial Conference</u>

The parties are directed to appear before the undersigned in Courtroom No. 4 (Room 901), 75 Clinton Street, Brooklyn, NY 11201, for a final pre-trial conference on March 28, 2005 at 2:00 p.m. The purpose of the conference is to schedule the trial (which shall normally commence within two weeks after the conference), to review the issues to be tried and the proof to be offered in connection therewith, and to explore the possibility of settlement.

The counsel who plan to try the case must appear at such conference. Counsel attending the conference shall seek settlement authority from their respective clients prior to such conference.

---

[1] The filing of marked pleadings pursuant to this Pre-Trial Scheduling Order satisfies the requirements of E.D.N.Y. LBR 7016-1.

If counsel is not granted such authority, the client must be present in person or available by telephone so that a settlement can be consummated if possible. "Settlement authority," as used in this order, includes the power to enter into stipulations and make admissions regarding all matters that the parties may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in this Pre-Trial Scheduling Order.

The Court will not adjourn the final pre-trial conference or excuse the appearance of a party or its counsel unless a stipulation of settlement is on file with the Clerk in Brooklyn prior to the pre-trial conference date set forth in this paragraph 8.

9. No Adjournment of Deadlines

The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by both counsel and counsel's client and served upon all parties. "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

10. Non-Compliance with This Order

In the event that any party fails to comply with this Pre-Trial Scheduling Order, the Court may impose sanctions or take other action as appropriate. Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties.

In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial within two weeks of the scheduled final pre-trial conference date.

11.  Other Matters

Counsel are directed to appear for an additional pre-trial status conference in Courtroom No. 4 (Room 901), 75 Clinton Street, Brooklyn, N.Y. 11201 on January 10, 2005 at 2:00 p.m.

Dated:  Brooklyn, New York
 October 7, 2004

s/Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge